IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Caryn McGrew, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 2:20-00086-RMG |
| vs. ) | |
| ) | |
| ASM Global (Formerly SMG Worldwide), ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

**ORDER AND OPINION**

Before the Court are Defendant ASM Global's (1) motion to strike plaintiff's untimely response to requests for admissions, answers to interrogatories, and response to requests for production of documents (Dkt. No. 21) and (2) motion for summary judgment (Dkt. No. 22). For the reasons set forth below, the Court denies Defendant's motion to strike but grants Defendant's motion for summary judgment.

**Factual Background**[1]

On May 10, 2019, Plaintiff attended a concert at the North Charleston Coliseum (the "Coliseum") in North Charleston, South Carolina. At some point during the concert, Plaintiff began descending a temporary staircase (the "staircase") leading from fixed seating to the floor level of the Coliseum. Plaintiff lost her balance, fell, and was injured. Plaintiff contends she fell because the staircase: failed to meet certain 2015 International Building Code (the "2015 IBC")

---

[1] The Court views all facts pertinent to Defendant's motion for summary judgment in a light most favorable to Plaintiff, the non-moving party.

1

standards and failed "to provide safety features including . . . having no lights, having no handrail, having no distinctive marking stripe at the exact location of non-uniformity in riser height, painting the staircase black, turning lights off during the concert, no verbal or written warning, landing area is uncovered concrete." (Dkt. No. 1-1 at 3). Defendant ASM Global ("ASM") is the managing agent for the Coliseum.

On December 4, 2019, Plaintiff filed a complaint against ASM in state court, (Dkt. No. 1-1), which ASM timely removed, (Dkt. No. 1). Plaintiff's Complaint puts forth two causes of action: (1) negligence/gross negligence; and (2) negligence *per se*.

On July 8, 2020, ASM served on Plaintiff ASM's Requests for Admissions, Interrogatories, and Requests for Production of Documents (the "Requests for Admission"). (Dkt. No. 21 at 3). Plaintiff's responses were due by August 7, 2020. On August 16, 2020, over a week after the deadline has passed, and "[w]ith the Court's Dispositive Motion deadline of August 21, 2020 rapidly approaching," ASM contacted Plaintiff's counsel stating, "If you mailed or emailed [the responses to the Requests for Admission] I haven't received them and ask that you please resend with proof of their original service date. If Plaintiff did not respond then she has admitted our Requests for Admission and this constitutes our meet and confer, to the extent one is necessary, in connection with our Motion to Compel and for Sanctions." (*Id.* at 2). The following day, Plaintiff provided full responses to the Requests for Admission. (Dkt. No. 21-2 at 1).

On August 21, 2020, ASM filed a motion to strike Plaintiff's responses to the Requests for Admission. (Dkt. No. 21). On August 31, 2020, Plaintiff filed a response in opposition, (Dkt. No. 23), to which, on September 8, 2020, ASM filed a reply, (Dkt. No. 25).

2

On August 21, 2020, ASM also filed a motion for summary judgment. (Dkt. No. 22). On August 31, 2020, Plaintiff filed a response in opposition to ASM's motion, (Dkt. No. 24), to which, on September 8, 2020, ASM filed a reply, (Dkt. No. 26).

ASM's motions are both fully briefed ripe for disposition.

## Discussion

The Court first addresses ASM's motion to strike, (Dkt. No. 21), and then ASM's motion for summary judgment, (Dkt. No. 22).

### I. ASM's Motion to Strike

#### a. Legal Standard

Federal Rule of Civil Procedure 36 governs requests for admissions and provides that:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 36(a). The "sanction for failure to respond to a request for admission is self executing." *Hill v. Laury,* No. 3:06CV79, 2006 WL 2631796 (E.D. Va. Sept.13, 2006); *see also Layton v. Int'l Ass'n of Machinists & Aerospace Workers,* 285 F. App'x 340, 341 (9th Cir. 2008). "[O]nce a matter that is properly subject of an admission under Rule 36 has been admitted during discovery, the district court is not free to disregard that admission." *Adventis, Inc. v. Consol. Prop. Holdings, Inc.,* 124 F. App'x 169, 173 (4th Cir. 2005). Matters admitted under Rule 36 are "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). "This conclusive effect applies equally to those admissions made affirmatively and those established by default, even if the matters admitted relate to material facts that defeat a party's claim." *Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120–21 (5th Cir. 1991).

3

Further, Rule 36 limits the district court's discretion regarding the withdrawal or amendment of admissions. "Once made, an admission may be withdrawn only if: a) the withdrawal would promote the presentation of the merits of the action, and b) allowing the withdrawal would not prejudice the party that obtained the admission." *Adventis,* 124 F. App'x at 173 (citing Fed. R. Civ. P. 36(b)). "[F]ailure to consider the Rule 36(b) factors in ruling on a motion [functionally equivalent to a motion to withdraw admissions] constitutes an abuse of discretion." *Bailey v. Christian Broadcasting Network*, 483 F. App'x 808, 810 (4th Cir. 2012). In *Metpath, Inc. v. Modern Medicine,* the Fourth Circuit approved of the position taken by various circuit courts that "a late response was the equivalent of a motion to withdraw or amend a response, and that amendment could be allowed when the opposing party suffered no prejudice by the amendment." 934 F.2d 319, at *2–3 (4th Cir.1991) (citing *Gutting v. Falstaff Brewing Corp.,* 710 F.3d 1309, 1312 (8th Cir.1983)); *Moosman v. Joseph P. Blitz, Inc.,* 358 F.2d 686, 688 (2d Cir.1966); *French v. United States,* 416 F.2d 1149, 1152 (9th Cir.1968)).

Here, Plaintiff provided late responses to ASM's Requests for Admission and the Court treats these responses as the equivalent of a motion to withdraw Plaintiff's admissions. As such, the Court must consider the Rule 36(b) discretionary factors to determine whether to accept or disregard Plaintiff's untimely responses.

### b. Analysis

The Court finds that Plaintiff should be allowed to withdraw her admissions.

The first prong of Rule 36(b) weighs in favor of Plaintiff. In assessing whether withdrawal and amendment would promote the presentation of the merits of the action, courts look at whether the proposed amendments "will facilitate the development of the case in reaching the truth, as in those cases where a party's admission[s] are inadvertently made." *McClanahan v. Aetna Life Ins.*

4

*Co.*, 144 F.R.D. 316, 320 (W.D. Va. 1992) (quoting 4A Jeremy C. Moore et al., Moore's Federal Practice para. 36.08 (2d ed.1992)); *F.D.I.C. v. Prusia*, 18 F.3d 637, 641 (8th Cir. 1994) (noting the merits are likely to be promoted "if the record demonstrates that the 'admitted' facts are contrary to the actual facts").  Courts often find that this prong is met when the deemed admissions effectively resolve the case and upholding the admissions would eliminate any need for a presentation on the merits.

Here, by failing to timely respond to ASM's Requests for Admission, Plaintiff admitted that the staircase was not subject to the building codes on which Plaintiff stakes her case. *See* (Dkt. No. 21-2 at 1) (asking Plaintiff to admit that, *inter alia*, certain provisions of the 2015 IBC did not apply to the staircase).  Upholding Plaintiff's defaulted admissions would thus eliminate the need for presentation on the merits as to (1) part of Plaintiff's negligence/gross negligence claim, *see* (Dkt. No. 1-1 ¶ 28), and (2) the entirety of her negligence *per se* claim, (*Id.* ¶ 33) (alleging ASM was negligent *per se* by failing to conform the staircase to the 2015 IBC). *See Braziel v. Novo Dev. Corp.*, No. 2:17-cv-03244-DCN, 2019 WL 935175, *3 (D.S.C. Feb. 26, 2019) ("A negligence per se claim obviously cannot survive if it is based on inapplicable code or regulation.").  Clearly then, the withdrawal of Plaintiff's deemed admissions will promote a presentation of the merits, and the first of Rule 36(b)'s two discretionary factors is satisfied.

The second prong (prejudice to the party relying on the admissions) also weighs in Plaintiff's favor. "In analyzing this factor, courts consider 'the difficulty the party opposing the motion to withdraw will face as a result of the sudden need to obtain evidence to prove the matter it had previously relied upon as answered.'" *Precision Franchising, LLC v. Gatej*, No. 1:12CV158 JCC/TCB, 2012 WL 6161223, at *7 (E.D. Va. Dec. 11, 2012) (citing *J & J Sports Productions, Inc. v. Mumford,* No. CIV.A. DKC 10–2967, 2012 WL 1409588, at *4 (D. Md. Apr.20, 2012));

*see, e.g.*, *In re Fisherman's Wharf Fillet, Inc.*, 83 F.Supp.2d 651, 661 & n. 12 (E.D. Va. 1999) (finding relying party would be prejudiced by withdrawal where opposing party repeatedly was unavailable or unresponsive throughout discovery, opposing party received notice by the court and relying party about its delinquency in answering discovery, opposing party significantly delayed in seeking withdrawal, and relying party explicitly relied on deemed admissions in its summary judgment motion). Importantly, "[a] party's reliance on deemed admissions in preparing a summary judgment motion is not sufficient alone to constitute the requisite prejudice under Rule 36(b)." *Id.* The prejudice to a party, however, rises the longer and more the party has relied on the admissions. *In re Fisherman's Wharf Fillet, Inc.,* 83 F.Supp.2d at 661.

Here, beyond noting its "reliance on deemed admissions in preparing [its] summary judgment motion," ASM no identifies no specific prejudice Plaintiff's nine-day delay in responding to the Requests for Admission caused ASM. *See* (Dkt. No. 21 at 3) (arguing "ASM . . . has been severely prejudiced in its ability to prepare its Motion for Summary Judgment by Plaintiff's untimely and deficient responses to ASM's discovery" but specifying nothing more). Thus, the Court finds the second Rule 36 factor also weighs in Plaintiff's favor.

Accordingly, as both Rule 36 factors weigh in Plaintiff's favor, the Court denies ASM's motion to strike and deems Plaintiff's defaulted admissions withdrawn. *See Acosta v. Mezcal, Inc.*, No. CV JKB-17-0931, 2018 WL 4188448, at *3 (D. Md. Aug. 31, 2018) ("The truth-finding function of the federal courts is of paramount importance, and this Court is reluctant to allow the rigid operation of procedural rules to supplant merits-based dispositions") (citing *United States v. Shaffler Equip, Co.*, 11 F.3d 450, 453 (4th Cir. 1993) (referring to the Circuit's "strong policy that cases be decided on their merits")).

  II.  **ASM's Motion for Summary Judgment**

### a. Legal Standard

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, [which] show that there is no genuine issue as to any material fact and that the moving part is entitled to a judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 & n.4 (1986) (citing Rule 56(c)). The Court will interpret all inferences and ambiguities against the movant and in favor of the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Where the moving party has met its burden to put forth sufficient evidence to demonstrate there is no genuine dispute of material fact, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)). An issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

### b. Analysis

As a preliminary matter, ASM argues that because "Plaintiff has admitted [under Rule 36] that the IBC . . . and other alleged Code provisions she has relied on in support of her claims do not apply . . . there is no basis for Plaintiff's claims for negligence/gross negligence and negligence *per se* based on any of the alleged Code violations she has raised." *See* (Dkt. No. 22-1 at 2). As the Court has denied ASM's motion to strike, *see supra*, and deemed Plaintiff's defaulted admissions withdrawn, this argument is moot and the Court proceeds to the merits.

Fundamentally, ASM argues it is entitled to summary judgment because: (1) the staircase is governed by the 1988 Standard Building Code (the "1988 SBC"), not the 2015 IBC, and (2) the staircase fully complied with the 1988 SBC. *See* (Dkt. No. 22-1 at 2). The Court agrees. *See* (Dkt. No. 24 at 1) (noting that Plaintiff's principal argument in opposition to ASM's motion for summary judgment is that if "the [Coliseum] adhered to the applicable codes and standards [Plaintiff] would not have fallen and sustained injuries").

In her complaint, Plaintiff alleges ASM was negligent/grossly negligent because the staircase: (1) failed to meet two 2015 IBC requirements[2]; (2) failed to provide a handrail; (3) lacked marking stripes showing the staircase contained nonuniform rises; and (4) was not illuminated during the concert. *See* (Dkt. No. 1-1 ¶ 28). Plaintiff also alleges ASM was negligent *per se* because the staircase did not conform to the above 2015 IBC requirements. (*Id.* ¶ 33).[3]

As a preliminary matter, the parties' respective experts agree the staircase[4] is governed by the 1988 SBC. The Coliseum indisputably opened on January 29, 1993 and was built in accordance with the 1988 SBC. (Dkt. No. 19-1 at 3); (Dkt. No. 18-1 at 3). According to ASM's expert, Stephanie Whetsel Borzendowski, since 1993 "there have been no significant modifications to the Coliseum, particularly in the stands," thus rendering the 2015 IBC

---

[2] Plaintiff alleges the staircase "failed to meet requirements for staircase design by [1] failing to have uniform riser height ([2015 IBC] 1011.5.4 Dimensional Uniformity) [and] [2] failing to meet Code requirements of minimum riser height ([2015 IBC] 1011.5.2 Riser Height and Tread Depth)." *See* (Dkt. No. 1-1 ¶ 28).

[3] Plaintiff also alleges that the staircase violated certain OSHA regulations, (Dkt. No. 1-1 ¶ 34), but "the argument that OSHA impliedly creates a private cause of action under federal law for violation of OSHA standards has been rejected by every state and federal court in which it has been advanced, including the Fourth Circuit." *Trowell v. Brunswick Pulp & Paper Co.*, 522 F. Supp. 782, 783 (D.S.C. 1981).

[4] Plaintiff fell on a "[t]emporary, pre-fabricated wooden stairway[] . . . put in place during events that require floor seating in order to provide a transition from the stands to the floor level." (Dkt. No. 19-1 at 4).

8

inapplicable. (Dkt. 19-1 at 3, 6). *See Kauffman v. Park Place Hopitality Group*, No. 2:09-1399-MBS, 2011 WL 1335832, *4 (D.S.C. Apr. 7, 2011) (Building Code in effect did not apply to existing structures that had not been altered between the time of construction and the incident), *aff'd*, 468 Fed. Appx. 220, 221-222 (4th Cir. 2012).  Plaintiff's expert Peter Combs nowhere contests these findings. *See generally* (Dkt. No. 18-1). To the contrary, Combs's report principally challenges the extent to which the staircase complied with the 1988 SBC. *See* (Dkt. No. 18-1 at 3-5).  Therefore, the Court finds that the 2015 IBC does not apply to the staircase, dismisses Plaintiff's negligence/gross negligence claim to the extent it relies on the 2015 IBC, and dismisses Plaintiff's negligence *per se* claim in whole.

The Court further finds that because the staircase complied with the 1988 SBC, the remnant of Plaintiff's negligence/gross negligence claim must be dismissed. *See* (Dkt. No. 1-1 ¶ 28) (alleging ASM was negligent because the staircase failed to provide a handrail; lacked marking stripes showing the staircase contained nonuniform rises; and was not illuminated during the concert).

The 1988 SBC requires that "riser heights for aisle stairs . . . [be] uniform within each flight per section." (Dkt. No. 19-1 at 5-6) (citing § 1112.3.7.2)).  The 1988 SBC, however, permits nonuniformity "to the extent necessitated by change in the gradient of the adjoining seating area to maintain adequate sightlines." (*Id.* at 6) (citing § 1112.3.7.2) (noting that "where nonuniformities exceed 3/16 inch between adjacent risers[,] the exact location of such nonuniformities . . . [must be] indicated with a distinctive marking stripe on each tread at the nosing or leading edge adjacent to the nonuniform risers"); *see also* (Dkt. No. 18-1 at 4) (citing § 1112.3.2 of the 1988 SBC and noting that variations between adjacent treads should not exceed 3/16 inch). Section 1112.3.7.3 of the 1988 SBC states: "A contrasting marking stripe shall be provided on

9

each tread at the nosing or leading edge such that the location of each tread is readily apparent when viewed in descent." (Dkt. No. 19-1 at 6). And § 1112.5.1 requires handrails on "stairways having more than three risers above a floor or grade, and all stairs or changes in grade in hospitals, nursing homes, convalescent homes and similar occupancies." (*Id.*).

Here, while it is undisputed that the difference in height between the two top risers of the staircase exceeded 3/16 inch, *see* (Dkt. No. 18-1 at 4) (citing § 1112.3.2), it is also undisputed that § 1112.3.7.2 permits this type of variation "to the extent necessitated by change in the gradient of the adjoining seating area to maintain adequate sightlines." And as ASM further points out, Plaintiff nowhere disputes that the staircase had three or less steps or had appropriate marking stripes as per §§ 1112.3.7.2 and 1112.5.1. *See* (Dkt. No. 19-1 at 4). Therefore, as ASM correctly concludes, because "there is no evidence of violation of the applicable building code, there is no genuine dispute of material fact that ASM did not create or have notice of a hazardous condition." (Dkt. No. 26 at 3-4); *see* (Dkt. No. 24 at 1) (noting that Plaintiff's principal argument in opposition to ASM's motion for summary judgment is that, "had the [Coliseum] adhered to the applicable codes and standards[,] [Plaintiff] would not have fallen and sustained injuries").[5]

---

[5] As it pertains to the staircase not being illuminated during the concert, ASM correctly notes that, "Although Plaintiff said the Coliseum was dark during the concert, it was illuminated enough that as she was coming down the stairs to the floor, her friend, Steve Hardwick, saw her and she stopped to talk with him and his wife, Randi Hardwick. Further, Plaintiff's vision had adjusted to the lighting prior to continuing down the steps and while she had spent 5-8 minutes talking with Mrs. Hardwick." (Dkt. No. 22-1 at 3) (internal citations omitted). In her opposition to ASM's motion for summary judgment, Plaintiff nowhere addresses or disputes this argument. *See generally* (Dkt. No. 24).

**Conclusion**

Based on the foregoing, the Court **DENIES** Defendant's motion to strike Plaintiff's untimely response to requests for admissions, answers to interrogatories, and response to requests for production of documents (Dkt. No. 21). The Court **GRANTS**, however, Defendant's motion for summary judgment (Dkt. No. 22).

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
United States District Court

November 9, 2020
Charleston, South Carolina